■ CARRIE VIVIAN, as Administratrix of the Estate of ERNEST VIVIAN, Deceased, Appellant, v. J. W. ENTERPRISES, INC., et al., Respondents, et al., Defendant. J. W. ENTERPRISES, INC., Third-Party Plaintiff, v. HEGEMAN-HARRIS COMPANY, INC., Third-Party Defendant.—In an action to recover damages for the conscious pain and suffering of the plaintiff's decedent and for his wrongful death, alleged to have been caused by the failure to plank over or otherwise cover a 30 by 40-foot opening or elevator shaftway in a building in the course of reconstruction, as required by sections 241 and 241-a of the Labor Law (the decedent having fallen through such unguarded opening while working upon the second floor of the building as an employee of the general contractor, Hegeman-Harris Company, Inc.), the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County, entered June 6, 1960 after a jury trial, as dismissed her complaint against defendants J. W. Enterprises, Inc., and Mansfield Iron Works, said defendants being, respectively, the owner of the premises and the subcontractor who had been engaged by Hegeman-Harris to do the iron work in the elevator shaftway. The court dismissed the complaint as against defendant Mansfield at the close of plaintiff's case, and as against J. W. Enterprises, Inc., after the case had been submitted to the jury and after it had been discharged by reason of its disagreement. The court also dismissed the complaint as against the defendant McCrory Stores Corp., the lessee of the premises; the cross complaint of the said defendant against defendant Mansfield; the cross complaint of the defendant J. W. Enterprises, Inc. against the defendant Mansfield; and the third-party complaint of the defendant J. W. Enterprises, Inc. against Hegeman-Harris. There is no appeal with respect to such dismissals. Judgment, insofar as appealed from, affirmed, without costs. The uncontradicted proof in the record established that the opening was necessary for the accomplishment of the work of the ironworkers, and that they had been engaged in and around such opening until a few minutes before the accident. At the time of the accident they were standing by waiting for the decedent to finish the work he was required to perform before they could proceed further. Under such circumstances, it is apparent that the work in progress, which required the existence of the opening, was continuous. There was no suspension of activity; the work was being performed alternately or in relays by employees of different contractors or different trades. Even if there was a suspension, it was for so short a time that it would not give rise to any factual issue for determination by the jury as to whether a duty to cover the opening was imposed by sections 241 and 241-a of the Labor Law. No significant difference exists between the facts of this case and the facts in the case recently decided by this court (*Giorlando*

v. *Stuyvesant Town Corp.*, 4 A D 2d 701, motion for reargument denied 4 A D 2d 835, motion for leave to appeal denied 4 N Y 2d 673). Beldock, P. J., Ughetta, Kleinfeld, Christ and Hill, JJ., concur.